# EXHIBIT 2

# (Part 1 of 3)

## TO MORTON DECLARATION ISO NOTICE OF REMOVAL

1  PATRICIA MCCOY SMITH (SBN: 129290)
   patsmith@dhillonsmith.com
2  JOHN-PAUL S. DEOL (SBN: 284893)
   jpdeol@dhillonsmith.com
3  DHILLON & SMITH LLP
4  177 Post Street, Suite 700
5  San Francisco, CA 94108
   Telephone:    (415) 433-1700
6  Facsimile:    (415) 520-6593

7
   Attorneys for Plaintiffs Alexandre Fayçal Joude
8  and Daniel Joude

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10        **COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION**

11

12  ALEXANDRE FAYÇAL JOUDE, and
    DANIEL JOUDE,
13
14              Plaintiffs,
15      v.
16  WORDPRESS FOUNDATION, a California
    corporation, AUTOMATTIC, INC., a
17  Delaware corporation, and DOES 1-10,
18              Defendants.
19
20

Case No.:  **CGC- 14 - 538193**

**PLAINTIFFS ALEXANDRE FAYÇAL JOUDE AND DANIEL JOUDE EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE REGARDING THEIR REQUEST FOR A PRELIMINARY INJUNCTION**

**Department: 302**
**Hearing Date: March 25, 2014**
**Hearing Time: 11:00 a.m.**

F I L E D
Superior Court of California
County of San Francisco

MAR 24 2014

CLERK OF THE COURT
BY:_____
                    Deputy Clerk

21
22
23
24
25
26
27
28

MPA ISO Plaintiff's Ex Parte Application for a          **Dhillon & Smith LLP**
TRO and OSC

1

2

3    Pursuant to California Rules of Court, Rules 3.1200, *et seq.*; Code of Civil

4    Procedure sections 525, *et seq.*; and all other applicable law, Plaintiffs Alexandre Fayçal

5    Joude and Daniel Joude ("the Joudes") hereby apply ex parte for a temporary restraining

6    order and for an order requiring Defendants WordPress Foundation, Automattic, Inc.,

7    and Does 1-10 to show cause why a preliminary injunction should not issue against them

8    pending trial in this action, directing them and all persons and/or entities acting on their

9    behalf, for their benefit or in active concert or participation with them to remove and/or

10   take down the blog "the Hoodwankers" at http://thejoudes.wordpress.com.

11       Plaintiffs have attempted to obtain the telephone number for counsel for

12   WordPress and Automatic, Paul Sieminski. However, after reviewing all available

13   resources, the telephone number is not published. As a result, notice has been provided

14   to Defendants by e-mail, the only source available for contacting Defendants. Pursuant to

15   California Rule of Court 3.1202(a), the name and address of attorneys known to represent

16   Defendants is as follows:

17       Paul Sieminski, Esq.
         Automattic, Inc.
18       132 Hawthorne Street
19       San Francisco, CA 94107

20

21       Under California Rule of Court 3.1200, *et seq.* notice of this ex parte application has

22   been given to Paul Sieminski who is believed to be counsel for Defendants WordPress

23   and Automattic.

24       Pursuant to this application, the accompanying memorandum of points and

25   authorities, the declarations and other records on file in this matter, and the arguments of

26   counsel, Plaintiffs hereby apply ex parte for a temporary restraining order directing

27   Defendants and all persons and/or entities acting on their behalf, for their benefit or in

28

MPA ISO Plaintiff's Ex Parte Application for a     **Dhillon & Smith LLP**
TRO and OSC

1  active concert or participation with them to remove and/or take down the blog "the

2  Hoodwankers" at http://thejoudes.wordpress.com.

3       Additionally, pursuant to this application, the accompanying memorandum of

4  points and authorities, the declarations and other records on file in this matter, and the

5  arguments of counsel, Plaintiffs hereby apply ex parte for an order requiring Defendants

6  to show cause why a preliminary injunction should not issue against them pending trial

7  in this action, directing them and all persons and/or entities acting on their behalf, for

8  their benefit or in active concert or participation with them to remove and/or take down

9  the blog "the Hoodwankers" at http://thejoudes.wordpress.com.

10

11  Date: March 22, 2014                              DHILLON & SMITH LLP

12

13

14                                        By:  _____

15                                             Patricia McCoy Smith

16                                             John-Paul S. Deol
                                              Attorneys for Plaintiffs
17                                            Alexandre Fayçal Joude and Daniel Joude

18

19

20

21

22

23

24

25

26

27

28

---

MPA ISO Plaintiff's Ex Parte Application for a        **Dhillon & Smith LLP**
TRO and OSC

PATRICIA MCCOY SMITH (SBN: 129290)
patsmith@dhillonsmith.com
JOHN-PAUL S. DEOL (SBN: 284893)
jpdeol@dhillonsmith.com
DHILLON & SMITH LLP
177 Post Street, Suite 700
San Francisco, CA 94108
Telephone:   (415) 433-1700
Facsimile:   (415) 520-6593

Attorneys for Plaintiffs Alexandre Fayçal Joude
and Daniel Joude

**F I L E D**
Superior Court of California
County of San Francisco

MAR 2 4 2014

CLERK OF THE COURT

BY: _____
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

| | |
|---|---|
| ALEXANDRE FAYÇAL JOUDE,  and DANIEL JOUDE,<br><br>       Plaintiffs,<br><br>   v.<br><br>WORDPRESS FOUNDATION, a California corporation, AUTOMATTIC, INC., a Delaware corporation, and DOES 1-10,<br><br>       Defendants. | Case No.:  **CGC- 14 - 538193**<br><br>**PLAINTIFFS ALEXANDRE FAYÇAL JOUDE AND DANIEL JOUDE MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE REGARDING THEIR REQUEST FOR A PRELIMINARY INJUNCTION**<br><br>**Department: 302**<br>**Hearing Date: March 25, 2014**<br>**Hearing Time: 11:00 a.m.** |

# I. INTRODUCTION

Plaintiffs Alexandre Fayçal Joude and Daniel Joude ("the Joudes") are private individuals and citizens of France whose identities were misappropriated and used without their permission on a blog hosted and administered under the title "the Hoodwankers" at http://thejoudes.wordpress.com ("the Blog"). The Blog purports to have been authored by Alexandre Fayçal Joude, though he did not author it.

Alexandre Faycal Joude e-mailed Defendants WordPress and Automattic alerting them to the fact that the Blog purported to have been authored by him, was not in fact, authored by him, and that the posting of the Blog usurped his identity. Nevertheless, Defendants have refused to remove the Blog. The Joude's French attorney, Mr. Jean-Luc Imbert also e-mailed Defendants on March 7, 2014 asking them to remove the Blog. The Blog was not taken down. Finally, the Joudes sought relief in the Tribunal de Grande Instance de Paris, asking the Court to order removal of the Blog. On March 12, 2014, the Tribunal de Grande Instance de Paris issued an order directing Defendants to remove the Blog. The Joudes now seek to enforce the French Order against Defendants. Defendants have advised counsel for Plaintiff that they "typically don't oppose such applications, but reserve the right to do so."

In addition to the French Order to remove the Blog, Defendants' Terms of Service and Complaints websites state that impersonating a private person is a violation of the Terms of Service and grounds for suspension of the Blog. Though notified that the Blog impersonates the Joudes, Defendants still refuse to remove it without a U.S. court order. Because Defendants have thus far refused to remove the Blog without such a court order, the Joudes hereby request that this Court issue a temporary restraining order directing Defendants' to remove the Blog and/or order Defendants to show cause why a preliminary injunction should not issue. Such a preliminary injunction would direct Defendants to remove the Blog pending the determination of the enforceability of the order of the Tribunal de Grande Instance de Paris and Defendants' own policies, as well as a final determination on Plaintiffs' claims for misappropriation of their identities and likenesses.

## II. STATEMENT OF FACTS

On or about March 4, 2014, the Joudes learned of the existence of a blog called "the Hoodwankers," at the web address http://thejoudes.wordpress.com purporting to be authored by Alexandre Fayçal Joude ("the Blog"). (Declaration of Jean-Luc Imbert, ¶ 6, Exs. B and C). The Blog states, among other things, "I am the leader of the pack: Faisal Hanna Joudi," a name by which Alexandre Fayçal Joude has been known and contains numerous outrageous statements and claims about the Joudes and their family that are false. (Smith Decl. ¶ 6, Ex. A).

Shortly after discovering the Blog, on March 6, 2014, Alexandre Fayçal Joude sent an e-mail to Defendants asking them to remove the Blog. (Imbert Decl. ¶ 5, Ex. A). In response to Alexandre Fayçal Joude's March 6th e-mail, WordPress stated that it was not in a position to "arbitrate content disputes" and would only remove the Blog in response to a United States court order or an order served "via a United States court or enforcement agency."(Imbert Decl. ¶ 5, Ex. A).

When the Joudes could not obtain informal relief, they hired an attorney in France. On behalf of the Joudes, French attorney Jean-Luc Imbert obtained an order on March 12, 2014 from the Tribunal de Grande Instance de Paris directing WordPress and Automattic to take all necessary measures to remove the Blog immediately. (Imbert Decl. ¶ 7, Exs. D and E). To date, the Blog has not been removed.

In addition to the French court order, Defendants' own Terms of Service page at the web address http://en.wordpress.com/tos/ states, "By making Content [sic] available, you represent and warrant that. . .your blog is not named in a manner that misleads your readers into thinking that you are another person or company." (Smith Decl. ¶ 7, Ex. B). Similarly, Defendants' Complaints page at the web address http://en.wordpress.com/complaints/ states, "We suspend content for. . . impersonating a private person." (Smith Decl. ¶ 8, Ex. C).

In spite of the fact that the WordPress website prohibits the impersonation of private persons, WordPress has not agreed to remove the Blog without a domestic court order. On March 20, 2014, U.S. counsel for Plaintiffs, Patricia M. Smith, wrote to

1   Defendants to obtain the removal of the Blog, but received no response to her request.

2   (Smith Decl. ¶ 12). Plaintiffs are now forced to file an action to enforce the French court's

3   order in California, and to enforce Defendants' own policies. Defendants have indicated

4   that they "typically don't oppose such applications." (Smith Decl. ¶ 11, Ex. F).

5       On March 24, 2014 at 9:39 a.m., John-Paul S. Deol of Dhillon & Smith notified Paul

6   Sieminski, general counsel for Defendants, by e-mail within the time required under

7   California Rule of Court 3.1203 that Plaintiffs would be applying ex parte for a temporary

8   restraining order and order to show cause directing Defendants to remove and/or take

9   down the Blog on Tuesday, March 25, 2014 at 11:00 a.m. in Department 302 of the

10  Superior Court of California, County of San Francisco (Deol Decl. ¶ 6, Ex. A). Mr.

11  Sieminski has not yet indicated whether Defendants would oppose Plaintiffs'

12  application.

### III. ARGUMENT

13      The Court may issue a temporary restraining order upon the same basis justifying

14  a preliminary injunction, as set forth in California Code of Civil Procedure sections 525 *et*

15  *seq.* Code of Civil Procedure section 526(a)(1) states, "An injunction may be granted. . .

16  when it appears by the complaint that the plaintiff is entitled to the relief demanded, and

17  the relief, or any part thereof, consists in restraining the commission or continuance of

18  the act complained of, either for a limited period or perpetually." Additionally, Code of

19  Civil Procedure section 526(a)(4) states that injunctive relief is also proper "[w]hen

20  pecuniary compensation would not afford adequate relief."

21  **A.      The Joudes Have No Adequate Remedy at Law**

22      No amount of compensation can redress the harm that the Joudes have suffered or

23  will likely suffer to their reputations and privacy as a result of the Blog. "[W]hen

24  adequate remedy exists at law, and if monetary damages afford adequate relief and are

25  not extremely difficult to ascertain, an injunction cannot be granted." *Thayer Plymouth*

26  *Center, Inc. v. Chrysler Motors Corp.*, 255 Cal.App.2d 300, 306 (1967). While the Blog, which

27  purports to have been authored by Alexandre Faycal Joude and contains numerous false

28  statements, continues to be active and available to the public, no pecuniary compensation

would redress the harm caused to the Joudes. For this reason, a temporary restraining order directing the removal of the Blog is proper.

**B.      Absent Injunctive Relief, Plaintiffs Will Be Irreparably Harmed**

"[P]reliminary injunction[s] may issue when it appears the plaintiff would suffer great or irreparable injury from the commission or continuance of some act during the litigation." *Costa Mesa City Employees' Assn. v. City of Costa Mesa*, 209 Cal.App.4th 298, 305 (2012). Furthermore, a Plaintiff is not required to wait until he or she has suffered actual harm before applying to the Court for an injunction. *Id.* Because Defendants refuse to remove the Blog without a U.S. court order or foreign order served by a domestic court or enforcement agency, the Joudes have no other recourse to effect the removal of the Blog other than through a request for injunctive relief. Should the Blog not be taken down, the Joudes will suffer irreparable harm to their reputations. (Imbert Decl. ¶ 6, Exs. B and C). The Blog is available to the public. Anyone may view it at http://thejoudes.wordpress.com. As long as the Blog remains online, readers will be able to view it and may think that its outrageous claims are accurate, including the claim that it was created and authored by Alexandre Fayçal Joude himself. Injunctive relief is therefore proper pending the outcome of Plaintiffs' claims.

**C.      Plaintiffs Are Likely to Succeed on the Merits of Their Claims**

**1.      The Order of the Tribunal de Grande Instance de Paris is Enforceable**

A preliminary injunction is appropriate when there is some possibility that a plaintiff will prevail on the merits of his or her action. *Id.* at 309. Plaintiffs are likely to obtain domestic recognition of the French court's order. Under principles of comity, a U.S. court can recognize the judgment of a foreign court.

///
///
///
///
///

MPA ISO Plaintiff's Ex Parte Application for a TRO and OSC                    **Dhillon & Smith LLP**

The extent to which the law of one nation, as put in force within its territory, whether by executive order, by legislative act, or by judicial decree, shall be allowed to operate within the dominion of another nation, depends upon what our greatest jurists have been content to call 'the comity of nations. [Comity] is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws.

*Hilton v. Guyot*, 159 U.S. 113, 163-64 (1895). Under the principles of comity, American courts may recognize a judgment of a foreign nation if they are "convinced that the parties in the foreign court received fair treatment by a court of competent jurisdiction under a system of jurisprudence likely to secure an impartial administration of justice between the citizens of its own country and those of other countries." *de la Mata v. American Life Ins. Co.*, 771 F.Supp. 1375 (D. Del. 1991) (internal citations and quotations marks omitted).

In ordering that the Blog be removed, the Tribunal de Grande Instance de Paris relied on the Request for Removal made by attorney Jean-Luc Imbert. (Imbert Decl. ¶ 7, Exs. D and E). Christian Hours, Vice President of the High Court of Paris specifically told Mr. Imbert that he granted the Joudes' request because the identity of Alexandre Fayçal Joude was being misappropriated. (Imbert Decl. ¶ 9). Furthermore, the Joudes' request to the French court established that "the reading of the content of the blog concerned lets it be imagined that it was written by one of petitioners, in the [French action], Mr. Alexandre Fayçal Joude." (Imbert Decl. ¶ 6, Exs. B and C). In Alexandre Faycal Joude's sworn statement, he swore that "[he has] never created the blog "The Hoodwankers" of which the web address is http://thejoudes.wordpress.com," and that "[he has] never written or published the information that appears in this Blog." (Imbert Decl. ¶ 8, Exs. F and G). Finally, the the Joudes' request to the French court makes it clear that "the general tone as well as certain particular elements of the text of the blog concerned aim purely and simply to harm the petitioners. They are both businessmen with honorable reputations; they have families moreover and children in particular; they thus

1  consequently have a certain interest in seeing the removal of the concerned blog

2  ordered." (Imbert Decl. ¶ 6, Exs. B and C).

3      The request to the Tribunal de Grande Instance de Paris, that court's order, and

4  Alexandre Faycal Joude's sworn statement discuss much the same elements of a claim

5  under California common law for misappropriation of likeness. "A common law cause of

6  action for appropriation of name or likeness may be pleaded by alleging (1) the

7  defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or

8  likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4)

9  resulting injury." *Fleet v. CBS, Inc.*, 50 Cal.App.4th 1911, 1918 (1996). In this matter, an

10  unknown blogger used Plaintiffs' identities on the Blog to harm them, to which neither

11  Alexandre Faycal Joude nor Daniel Joude consented. The unknown blogger may have

12  intended to harm them because they are honorable businessmen. The Blog itself accuses

13  the Joudes of "fraud and swindling," which, if believed, may harm them to the benefit of

14  their competitors. (Smith Decl. ¶ 6, Ex. A). Because of this misappropriation of their

15  identities and likenesses, the Joudes are suffering ongoing harm, and will continue to

16  suffer harm at the hands of the bloggers and Defendants until the Blog is removed and

17  therefore inaccessible by the public.

### 2.   Defendants' Own Policy Allows for the Removal of Material that Impersonates a Private Person

19      Even if this Court chooses not to recognize the French Court's Order, Plaintiffs are

20  likely to prevail on their claim for declaratory relief regarding the enforcement of

21  Defendants' own Terms of Service and the provisions on their Complaints webpage.

22  Alexandre Fayçal Joude has repeatedly declared that he is not the author of the Blog.

23  Given Defendants policy statements that "by making Content [sic] available, you

24  represent and warrant that. . .your blog is not named in a manner that misleads your

25  readers into thinking that you are another person or company" and "we suspend content

26  for. . . impersonating a private person," Defendants are under a self-imposed obligation

27  to remove the Blog.

28

### D.   The Balance of the Equities Favors the Joudes

The California Supreme Court has held, "[i]f the denial of an injunction would result in great harm to the plaintiff, and the defendants would suffer little harm if it were granted, then it is an abuse of discretion to fail to grant the preliminary injunction." *Robbins v. Superior Court*, 38 Cal.3d 199, 205 (1985). A court ruling on a request for injunctive relief "must exercise its discretion in favor of the party most likely to be injured." *Id.* In response to Alexandre Faycal Joude's e-mail, Defendants stated that they would remove the Blog immediately upon receipt of a foreign court order "served via a United States court or enforcement agency." (Imbert Decl. ¶ 5, Ex. A). Additionally, when Patricia M. Smith, domestic counsel for the Joudes wrote to Defendants, Paul Sieminski, the general counsel for Automattic stated, "we typically don't oppose such applications, but reserve the right to do so." (Smith Decl. ¶ 11, Ex. F). Finally, Defendants' own policies indicate that Defendants will remove content when it is found to impersonate a private individual.

Because failing to grant an injunction would likely result in irreparable harm to the Joudes, and because Defendants seem inclined to remove the Blog upon receipt of a formal court order, the balance of equities strongly favors the issuance of a temporary restraining order directing Defendants to remove and/or take down the Blog in question pending Defendants' response, if any, to the Court's order to show cause why a preliminary injunction should not issue.

### IV.   CONCLUSION

In conclusion, because the Joudes' identities have been misappropriated, because Defendants' own policies allow for the removal of the Blog, and because the Tribunal de Grande Instance issued a valid order for removal of the Blog, the Joudes respectfully request that this Court issue a temporary restraining order directing Defendants, their officers, agents, and all those acting in concert with them, to remove and/or take down the Blog and that the Court issue an order to show cause why a preliminary injunction should not issue. Plaintiffs have shown that they will be irreparably harmed in the absence of such relief, and that they have no adequate remedy at law. Given the

---

MPA ISO Plaintiff's Ex Parte Application for a    **Dhillon & Smith LLP**
TRO and OSC

1    foregoing, injunctive relief is necessary and proper to protect the Joudes' reputational

2    and privacy interests.

3

4    Date: March 24, 2014                                    DHILLON & SMITH LLP

5

6

7                                                    By: _____

8                                                         Patricia McCoy Smith
                                                         John-Paul S. Deol
9                                                         Attorneys for Plaintiffs
                                                         Alexandre Fayçal Joude and Daniel Joude

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

MPA ISO Plaintiff's Ex Parte Application for a          **Dhillon & Smith LLP**
TRO and OSC

PATRICIA MCCOY SMITH (SBN: 129290)
patsmith@dhillonsmith.com
JOHN-PAUL S. DEOL (SBN: 284893)
jpdeol@dhillonsmith.com
DHILLON & SMITH LLP
177 Post Street, Suite 700
San Francisco, CA 94108
Telephone:    (415) 433-1700
Facsimile:    (415) 520-6593

**F I L E D**
Superior Court of California
County of San Francisco

MAR 24 2014

CLERK OF THE COURT
BY: _____
Deputy Clerk

Attorneys for Plaintiffs Alexandre Fayçal Joude
and Daniel Joude

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

| | |
|---|---|
| ALEXANDRE FAYÇAL JOUDE, and DANIEL JOUDE,<br><br>                    Plaintiffs,<br><br>        v.<br><br>WORDPRESS FOUNDATION, a California corporation, AUTOMATTIC, INC., a Delaware corporation, and DOES 1-10,<br><br>                    Defendants. | Case No.: **CGC-14-538193**<br><br>**DECLARATION OF JAMES D. DAVIS, PH.D. IN SUPPORT OF PLAINTIFFS ALEXANDRE FAYÇAL JOUDE AND DANIEL JOUDE EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE REGARDING THEIR REQUEST FOR A PRELIMINARY INJUNCTION** |

Declaration of James D. Davis, Ph.D.                    **DHILLON & SMITH LLP**

Page 1

I, James D. Davis, Ph.D., declare under penalty of perjury as follows:

1.     I am a resident of Dekalb County, Georgia.

2.     I have been certified by the American Translators Association as a French to English translator since 1999.

3.     I hold a Ph.D. in French and Spanish from the University of Georgia.

4.     I am fluent in both English and French, and have been a professional translator for 25 years.

5.     On March 17, 2014, I was contacted by Harmeet K. Dhillon and John-Paul S. Deol of the law firm of Dhillon & Smith LLP to translate a series of documents from French to English.

6.     A true and correct copy of the document "Requete a Fin de Retrait" I received is attached as **Exhibit A**. A true and correct copy of my translation of that document is attached as **Exhibit B**.

7.     A true and correct copy of the document "Ordonnance" I received is attached as **Exhibit C**. A true and correct copy of my translation of that document is attached as **Exhibit D**.

8.     A true and correct copy of the document "Attestation sur l'honneur" I received is attached as **Exhibit E**. A true and correct copy of my translation of that document is attached as **Exhibit F**.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Dated: March 24, 2014

James D. Davis, Ph.D.

BY FAX

Declaration of James D. Davis, Ph.D.

**DHILLON & SMITH LLP**

Page 2

# EXHIBIT A

*14/883*

ARRIVÉE

Le   1 2 MARS 2014

*chambre des requêtes*

**IMBERT – BARED**
*Avocats à la Cour*
**13, rue Royale**
**75008 PARIS**
Téléphone : + 33 (1) 53 64 78 00
Palais J.-L. IMBERT : A 526
Palais L. BARED : D 472
Courriel : ci@cabinet-imbert.com

**REF. : BLOG JOUDE**

---

**REQUÊTE
A FIN DE RETRAIT**

---

**A Madame ou Monsieur le Président
du Tribunal de Grande Instance
de PARIS**

Messieurs **Alexandre Fayçal JOUDE**, né le 11 août 1964 à Tyr (Liban), de nationalité française, et **Danny JOUDE**, né le 5 octobre 1969 à Beyrouth (Liban), de nationalité française,

élisant domicile chez leur conseil, Maître **Jean Luc IMBERT**, Avocat à la Cour, 13 rue Royale, 75008 Paris, (A 526) (tel : 01 53 64 78 00) (adresse mail : ci@cabinet-imbert.com),

*ONT L'HONNEUR DE VOUS EXPOSER LES FAITS CI-APRES:*

1. Les requérants ont appris l'existence d'un blog mis en ligne le 4 mars 2014 sous les dénominations « Alexandre Fayçal Joude / The Hoodwankers » et « Danny Joude / The Hoodwankers ».

1

En ayant pris connaissance, ils ont constaté que son contenu visait à leur nuire, pour les raisons qui seront détaillées ci après.

2. Les requérants ont aussitôt fait établir un Procès Verbal de Constat en date du 10 mars 2014 par Maître I. ARMENGAUD GATIMEL, huissier de Justice à Paris ; un autre procès verbal de constat avait été établi à la demande de Monsieur Alexandre Fayçal JOUDE le 9 mars 2014 par Me P. LANDELLE, huissier de Justice à Magnac Laval.

Le 6 mars 2014, Monsieur Alexandre Fayçal JOUDE a adressé un courriel à la société WORDPRESS.COM lui demandant le retrais de ce blog, auquel cette dernière avait répondu le même jour en lui indiquant qu'elle n'était pas en position de se prononcer sur d'éventuels litiges et ne procèderait à un quelconque retrait que dans la mesure où la décision émanerait d'un Tribunal.

L'avocat soussigné a écrit un courrier RAR le 7 mars 2014 à la société AUTOMATTIC afin de lui demander également le retrait du blog concerné.

A ce jour le blog concerné est toujours en ligne et il n'a en conséquence pas été tenu compte des demandes formulées par Monsieur Alexandre Fayçal Joude et l'avocat soussigné auprès des sociétés WORDPRESS. COM et AUTOMATTIC.

3. Les termes du blog concerné visent à porter préjudice aux requérants et doit faire l'objet d'un retrait pour les raisons essentielles suivantes :

   a) La lecture du contenu du blog concerné laisse supposer qu'il a été rédigé par l'un des requérants, en l'espèce Monsieur Alexandre Fayçal Joude.

2

Ceci est faux, ainsi que Monsieur Alexandre Fayçal Joude l'affirme dans l'attestation qu'il a rédigée le 7 mars 2014 précisant qu'il n'a jamais créé ce blog et qu'il n'en a jamais écrit ou publié le contenu.

b) Le contenu du blog concerné est illustré par un certain nombre de photographies qui ont un caractère strictement privé et dont la mise en ligne constitue donc une atteinte au droit à l'image de l'un comme de l'autre des requérants (voir en particulier les photographies illustrant les pages « *Relaxing at home* » page 2, « *Meet our Gang – The Joudes* » page 5 et « *Meet your author* » page 10).

c) Le texte du blog concerné est à l'évidence malveillant, faisant des affirmations parfaitement gratuites telles que « *Nous obtenons des fonds par fraude et escroquerie...* » ; « *Nous avons obtenu de nos victimes une somme d'au moins 30 millions d'Euros...* » ; « *La plus grande part des fonds collectés sont reversés aux Légionnaires du Christ...* » (page 6) ; il s'agit là d'affirmations sans le plus petit élément de preuve à l'appui, dont il est de surcroît impossible d'apporter la preuve contraire.

Il contient un certain nombre de propos purement et simplement injurieux, tel que « *Mon frère Danny Hanna Joudi qui a fière allure (mais est un peu stupide)...* » (page 7).

Il fait référence à des faits qui d'une part sont prescrits, puisqu'ils remontent à 1985 et 1986, d'autre part ne sont pas plus avérés et prouvés que les autres.

3

Le texte du blog concerné étant « nourri » et donc évolutif (il s'intitulait d'ailleurs le 7 mars 2014 « Danny Joude – Blogs, Pictures and more on Wordpress »), il a figuré le 7 mars 2014 une page intitulée *« Sale of Sudanese Oil rights »* indiquant que *« Nous avons réussi à vendre des droits dans le dénommé Bloc B soudanais, et devinez quoi ? Nous n'en sommes même pas propriétaires »*. Or il ressort d'un contrat de vente en date du 4 juillet 2011 que Monsieur Danny Joude, représentant la société WORLDMILL LTD a acquis une participation représentant 2 % du Bloc B pour un prix de US $ 20 millions. Il y a là un élément qui prouve la fausseté de l'affirmation contenue dans le blog concerné.

Il est donc clair que le ton général tout comme certains éléments particuliers du texte du blog concerné visent purement et simplement à nuire aux requérants. Ces derniers sont tous deux des hommes d'affaires dont la réputation est honorable ; ils ont par ailleurs une famille et en particulier des enfants ; ils ont par conséquent un intérêt certain à voir ordonner le retrait du blog concerné.

4

**PAR CES MOTIFS :**

Et en application des dispositions de la Loi n° 2004-575 du 21 juin 2004, il vous est demandé d'ordonner à la société WORDPRESS.COM, 60 29th Street à San Francisco, Californie 94110 (Etats Unis) et / ou la société AUTOMATTIC, 132 Hawthorne Street, San Francisco, Californie 94107 (Etats Unis), en leur qualité d'hébergeur du blog concerné, de prendre toutes mesures nécessaires ou utiles à procéder au retrait du blog concerné

Fait à PARIS le 12 mars 2014

5

**BORDEREAU DES PIECES**
**A L'APPUI DE LA REQUETE**

1) Procès Verbal de Constat établi par Me I. ARMENGAUD GATIMEL le 10 mars 2014 ;
2) Procès verbal de Constat établi par Me P. LANDELLE le 9 mars 2014 ;
3) Echange de courriels en date du 6 mars 2014 entre Monsieur A. F. JOUDE et WORDPRESS.COM ;
4) Courrier RAR adressé le 7 mars 2014 à AUTOMATTIC ;
5) Attestation établie le 7 mars 2014 par M. A. F. JOUDE ;
6) Page publiée dans le blog concerné le 7 mars 2014 ;
7) Contrat de vente en date du 4 juillet 2011.

6

# EXHIBIT B

14/833

ARRIVED
MARCH 12 2014
*chamber of requests*

**IMBERT-BARED**
*Attorneys with the Court*
**13, rue Royale**
**75008 PARIS**
**Telephone: +33 (1) 53 64 78 00**
**Courthouse J.-L. IMBERT: A 526**
**Courthouse L. BARED: D 472**
**Email:** ci@cabinet-imbert.com

<u>REF</u>: JOUDE BLOG

### REQUEST
### FOR REMOVAL

**To Madame or Mister President
of the High Court
of PARIS**

Misters **Alexandre Fayçal JOUDE,** born August 11th, 1964 in Tyr (Lebanon), of French nationality, and **Danny JOUDE,** born October 5th, 1969 in Beirut (Lebanon), of French nationality,

choosing domicile with their counsel, Mr. **Jean Luc IMBERT,** Attorney with the Court, 13 rue Royale, 75008 Paris, (A 526) (tel: 01 53 64 78 00) (email address: ci@cabinet-imbert.com),

### *HAVE THE HONOR OF SETTING OUT TO YOU THE FACTS BELOW:*

1. The petitioners learned of the existence of a blog put online on March 4th, 2014 under the denominations "Alexandre Faycal Joude/The Hoodwankers" and "Danny Joude/The Hoodwankers".

1

By having become aware of this, they observed that its content aimed to harm them, for the reasons that will be detailed below.

2. The petitioners soon had introduced a Certified Report dated March 10th, 2014 by Mr. I. ARMENGAUD GATIMEL, court bailiff in Paris; another certified report had been introduced at the request of Mr. Alexandre Fayçal JOUDE on March 9th, 2014 by Mr. P. LANDELLE, court bailiff in Magnac Laval.

On March 6th, 2014, Mr. Alexandre Fayçal JOUDE sent an email to the company WORDPRESS.COM asking it for the removal (sic) of this blog, to which WORDPRESS.COM had answered the same day by pointing out to him that it was not in a position to decide on possible litigation and would only proceed to any removal whatsoever insofar as the decision would issue from a Court.

The undersigned attorney wrote a Return Receipt Requested email on March 7th, 2014 to the AUTOMATTIC company in order to ask it also for the removal of the blog concerned.

To date, the blog concerned is still online and the requests made by Mr. Alexandre Fayçal Joude and the undersigned attorney with the companies WORDPRESS.COM and AUTOMATTIC have not been taken into account.

3.  The terms of the blog concerned aim to harm the petitioners and must be the subject of a removal for the following essential reasons:

a) The reading of the content of the blog concerned lets it be imagined that it was written by one of the petitioners, in the current case, Mr. Alexandre Fayçal Joude.

2

This is false, as Mr. Alexandre Fayçal Joude also affirms in the certification that he wrong on March 7th, 2014 specifying that he never created that blog and that he never wrote or published the content of it.

b) The content of the blog concerned is illustrated by a certain number of photographs that have a strictly private nature and whose placement online thus constitutes an infringement on the rights to the image on both of the petitioners (see in particular the photographs illustrating the pages *"Relaxing at home"* page 2, *"Meet our Gang - The Joudes"* page 5 and *"Meet your author"* page 10).

c) The text of the blog concerned is manifestly malicious, making some absolutely wanton statements such as "*We obtain funds by fraud and swindling...*"; "*We have obtained from our victims a sum of money of at least 30 million Euros...*"; "*The greatest part of the funds collected are donated to the Legionnaires of Christ...*" (page 6); there it concerns statements without the slightest element of proof in support, thus it is moreover impossible to bring contrary proof.

It contains a certain number of purely and simply injurious remarks, such as *"My brother Danny Hanna Joudi who has a proud look (but is a little stupid)..."* (page 7).

It makes reference to some facts that on the one hand are barred, since they go back to 1985 and 1986, on the other hand are no less proven or demonstrated than the others.

3

The text of the blog concerned being "fed" and thus progressive (it was entitled by the way on March 7th, 2014 "Danny Joude - Blogs, Pictures and more on Wordpress"), n March 7th, 2014 appeared a paged entitled *"Sale of Sudanese Oil Rights"* pointing out that *"We succeeded in selling rights in the Sudanese named Block B, and guess what?  We are not even the owners of it".*  But it results from a sales contract dated July 4th, 2011 that Mr. Danny Joude, representing the company WORLDMILL LTD. acquired a stake representing 2% of Block B for a price of $20 million USD.  There is there an element that proves the falseness of the statement contained in the blog concerned.

It is thus clear that the general tone as well as certain particular elements of the text of the blog concerned aim purely and simply to harm the petitioners.  They are both businessmen with honorable reputations; they have families moreover and children in particular; they thus consequently have a certain interest in seeing the removal of the concerned blog ordered.

4

**ON THESE GROUNDS:**

And in application of the provisions of Law No 2004-575 of June 21st, 2004, you are asked to order the company WORDPRESS.COM, 60 29th Street in San Francisco, California 94110 (United States) and/or the company AUTOMATTIC, 132 Hawthorne Street, San Francisco, California 94107 (United States) in their capacity of as host of the blog concerned, to take all necessary or useful measures to proceed to the removal of the blog concerned

Given in PARIS on March 12th, 2014

(illegible signature)

5

**SCHEDULE OF ITEMS**
**IN SUPPORT OF THE REQUEST**

1) Certified report introduced by Mr. I. ARMENGAUD GATIMEL, March 10th, 2014;
2) Certified report introduced by Mr. P. LANDELLE, March 9th, 2014;
3) Exchange of emails dated March 6th, 2014 between Mr. A. F. JOUDE and WORDPRESS.COM;
4) Return receipt requested email sent March 7th, 2014 to AUTOMATTIC;
5) Statement introduced on March 7th, 2014 by Mr. A. F. JOUDE;
6) Page published in the blog concerned on March 7th, 2014;
7) Sales contract dated July 4th, 2011.

6

**EXHIBIT C**

## ORDONNANCE

Christian HOURS
Vice-Président
Délégué par le Président du Tribunal
de Grande Instance de Paris.

Nous, Juge auprès du Tribunal de Grande Instance de PARIS,

Vu les dispositions de la Loi n° 2004-575 en date du 21 juin 2004,

Vu la requête qui précède, les motifs sus-énoncés et les pièces à l'appui,

Donnons acte à Messieurs Alexandre Fayçal JOUDE et Danny JOUDE de la présentation de leur requête,

Ordonnons aux sociétés WORDPRESS.COM, 60 29th Street, San Francisco, Califormie 94110, USA et / ou AUTOMATTIC, 132 Hawthorne Street, Californie 94107, USA, de prendre toutes mesures nécessaires ou utiles au retrait immédiat du blog intitulé « Alexandre Fayçal Joude / the Hoodwankers » et « Danny Joude / The Hoodwankers » ;

Disons que cette ordonnance devra être exécutée dans un délai d'au plus trois (3) mois ;

Disons qu'en cas de difficulté, il nous en sera référé.

Fait en notre Cabinet, au Palais de Justice de PARIS, le 12 mars 2014.

7

# EXHIBIT D

## ORDER

**Christian HOURS**
**Vice President**
**Delegated by the President of the**
**High Court of Paris**

We, a judge with the High Court of PARIS,
Given the provisions of Law No 2004-575 dated June 21st, 2004,
Given the preceding request, the grounds set out above and the supporting items,

Acknowledge Mr. Alexandre Fayçal JOUDE and Mr. Danny JOUDE in the presentation of their request,

Order the companies WORDPRESS.COM, 60 29th Street, San Francisco, California 94110, USA and/or AUTOMATTIC, 132 Hawthorne Street, California 94107, USA, to take all necessary or useful measures for the immediate removal of the blog entitled "Alexandre Fayçal Joude/ the Hoodwankers" and "Danny Joude/ The Hoodwankers";

State that this order must be executed in a time period of three (3) months at the maximum;

State that in the event of difficulty, it will be referred to us.

Given at our Office, at the Palace of Justice of PARIS, March 12th, 2014

(seal)
HIGH COURT OF PARIS
- S 035 -

(illegible signature)

7

# EXHIBIT E

⑤

MEBERT - BARED
A TAL RURY
JANELLANSE DE PARIS
17, rue Royale
75008 PARIS
Tél. : 01.53.64.78.00

Alexandre Fayçal JOUDE
32 rue du Morbras
94510 La Queue en brie
Née à Tyr- Liban le 11/08/1963
Nationalité Française

Paris le 7/03/2014

Objet : Attestation sur l'honneur

Madame, Monsieur,

Je soussigné Alexandre Fayçal JOUDE, demeurant au 32 rue du Morbras- 94510 La Queue en I
atteste sur l'honneur que :

- je n'ai jamais crée le blog « Les Hoodwankers» dont l'adresse site est
  « http://thejoudes.wordpress.com»,

- je n'ai jamais écrit ou publié les informations qui figurent dans ce Blog

- J'ai adressé un email à plate-forme « wordpress.com » qui héberge ce blog pour lui fa
  de ce qui précède

J'ai pris connaissance des sanctions pénales encourues par l'auteur d'une fausse attestation.

Fait pour servir et valoir ce que de droit.

*Paris le 7/03/2014*

Signature

# EXHIBIT F

*5*
IMBERT-BARED
A-526 D-472
*Attorneys with the Court*
13, rue Royale
75008 PARIS
Tel: 01.53.64.78.00

Alexandre Fayçal JOUDE
32 rue du Morbras
94510 La Queue en brie
Born in Tyr - Lebanon on 08/11/1963
French nationality

Paris, 03/07/2014

Subject: Sworn statement

Madam, Sir,

I the undersigned Alexandre Fayçal JOUDE, residing at 32 rue du Morbras - 94510 La Queue en (cut off text), swear that:

    - I have never created the blog "The Hoodwankers" of which the web address is

    "http://thejoudes.wordpress.com",

    - I have never written or published the information that appears in this Blog

    - I sent an email to the platform "wordpress.com" that hosts this blog to (cut off text) of the preceding

I am aware of the penal sanctions risked by the author of a false statement.

Given to assert my rights.

*Paris, 03/07/2014*

Signature

(illegible signature)



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Mar-25-2014  8:35 am

Case Number: CGC-14-538193

Filing Date: Mar-24-2014 8:34

Filed by:  VICTORIA GONZALEZ

Juke Box: 001    Image: 04422678

DECLARATION OF

ALEXANDRE FAYCAL JOUDE et al VS. WORDPRESS FOUNDATION, A
CALIFORNIA CORPORATION et al

001C04422678

**Instructions:**
Please place this sheet on top of the document to be scanned.

1  PATRICIA MCCOY SMITH (SBN: 129290)
   patsmith@dhillonsmith.com
2  JOHN-PAUL S. DEOL (SBN: 284893)
   jpdeol@dhillonsmith.com
3  DHILLON & SMITH LLP
4  177 Post Street, Suite 700
   San Francisco, CA 94108
5  Telephone:   (415) 433-1700
6  Facsimile:    (415) 520-6593
7
8  Attorneys for Plaintiffs Alexandre Fayçal Joude
   and Daniel Joude

**F I L E D**
Superior Court of California
County of San Francisco

MAR 24 2014

CLERK OF THE COURT
BY: _____
Deputy Clerk

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10        **COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION**

11

12  ALEXANDRE FAYÇAL JOUDE,  and
    DANIEL JOUDE,
13
                    Plaintiffs,
14
15         v.

16  WORDPRESS FOUNDATION, a California
    corporation, AUTOMATTIC, INC., a
17  Delaware corporation, and DOES 1-10,
18
                    Defendants.
19

Case No.: **CGC-14-538193**

**DECLARATION OF JOHN-PAUL SINGH
DEOL IN SUPPORT OF PLAINTIFFS
ALEXANDRE FAYÇAL JOUDE AND
DANIEL JOUDE EX PARTE
APPLICATION FOR A TEMPORARY
RESTRAINING ORDER AND ORDER TO
SHOW CAUSE REGARDING THEIR
REQUEST FOR A PRELIMINARY
INJUNCTION**

20

21

22

23

24

25

26

27

28

Declaration of John-Paul S. Deol                    **DHILLON & SMITH LLP**

I, John-Paul S. Deol declare under penalty of perjury as follows:

1.      I am a resident of Contra Costa County, California.

2.      I am an attorney duly licensed to practice law in the State of California.

3.      I am an associate with the law firm of Dhillon & Smith LLP.

4.      Dhillon & Smith LLP's business address is 177 Post Street, Suite 700, San Francisco, CA 94108.

5.      Through my law firm, I represent Alexandre Fayçal Joude and Daniel Joude in the above-referenced action.

6.      Under Rule 3.1204, I gave timely and proper written notice by electronic mail on March 24, 2014 at 9:39 a.m. of Plaintiffs' ex parte Application for a temporary restraining order and for an order to show cause why a preliminary injunction should not be granted to compel WordPress and Automattic, Inc. to take down http://thejoudes.wordpress.com. A true and correct copy of that e-mail is attached hereto as **Exhibit A**.

7.      As of 1:01 p.m. on March 24, 2014, I have not received word as to whether WordPress or Automattic plan to oppose Plaintiffs' ex parte application.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.


Dated: March 24, 2014                          _____

                                               John-Paul S. Deol

Declaration of John-Paul S. Deol                    **DHILLON & SMITH LLP**

# EXHIBIT A

## John-Paul Singh  Deol (Dhillon & Smith)

| | |
|---|---|
| **From:** | John-Paul Singh  Deol (Dhillon & Smith) |
| **Sent:** | Monday, March 24, 2014 9:39 AM |
| **To:** | 'Paul Sieminski' |
| **Cc:** | Pat Smith (Dhillon & Smith) |
| **Subject:** | Joude v. WordPress, Automattic, Inc., et al.: Ex Parte Notice |

Dear Mr. Sieminski:

We are writing to you in your capacity as general counsel for WordPress and Automattic, Inc. On Thursday, Pat Smith, a partner at Dhillon & Smith, filed a complaint on WordPress' website requesting the removal of http://thejoudes.wordpress.com as the blog violates WordPress' own terms of service, including, but not limited to, the provision prohibiting bloggers from impersonating private individuals. To date, the blog is still active, and has not been removed.

Because the blog has not been removed, we are forced to move ex parte for a temporary restraining order and for an order to show cause why a preliminary injunction should not be granted to compel WordPress and Automattic, Inc. to take down http://thejoudes.wordpress.com. We are required to give you notice of our intent to apply ex parte for such orders.

The application will be made on Tuesday, March 25, 2014 at 11:00 a.m. or as soon thereafter as we may be heard in Department 302 of the Superior Court of California for the County of San Francisco. The address of the courthouse is 400 McAllister Street, San Francisco, CA 94102.

Under California Rule of Court 3.1204(a)(2), we are required to attempt to determine whether WordPress and Automattic intend to appear to oppose the above-referenced ex parte application. Please let us know by close of business today whether WordPress and/or Automattic intend to appear to oppose the above-referenced application.

Thank you.

Best regards,

John-Paul S. Deol
Associate | DHILLON & SMITH LLP | 177 Post Street, Suite 700 | San Francisco, CA 94108 | Phone: 415.433.1700 | Fax: 415.520.6593

This e-mail and/or attachments may contain confidential and/or privileged information. If you are not the intended recipient (or have received this e-mail in error), please notify the sender immediately and destroy this e-mail. Any unauthorized copying, disclosure, or distribution of the material in this e-mail is strictly prohibited. Thank you.