UNITED STATES DISTRICT COURT
For the Northern District of California

1

2

3

4

5

6

7        UNITED STATES DISTRICT COURT

8          Northern District of California

9            San Francisco Division

10    ALEXANDRE FAYCAL JOUDE, et al.,              No. C 14-01656 LB

11                   Plaintiffs,              **ORDER GRANTING
                                             DEFENDANT'S MOTION FOR
12       v.                                  ATTORNEY'S FEES**

13    WORDPRESS FOUNDATION, et al.,              [Re: ECF No. 23]

14                   Defendants.
      _____/
15

16                         **INTRODUCTION**

17        Plaintiffs Alexandre Fayçal Joude and Daniel Joude sued WordPress Foundation and

18    Automattic, Inc. to compel them to take down an anonymously-written blog about Plaintiffs and

19    their family.  Complaint, ECF No. 1.[1]  Plaintiffs dismissed WordPress from the action on April 2,

20    2014.  Motion, ECF No. 11, at 8 n.1.  Automattic removed the action to this court and now moves

21    for an order granting judgment on the pleadings.  *Id.* at 6.  On July 3, 2014, the court granted

22    Automattic's motion for judgment on the pleadings, dismissing Plaintiffs' first and third claims

23    with prejudice and their second claim without prejudice.  ECF No. 19.  Automattic now moves for

24    an award of attorney's fees as the prevailing party on Plaintiffs' first and third claims.  Motion,

25    ECF No. 25.  The court finds this matter suitable for determination without a hearing under Civil

26    Local Rule 7-1(b) and DENIES Automattic's motion.

27

28        [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-
      generated page numbers at the top of the document.

      C 14-01656 LB
      ORDER

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

**STATEMENT**

## I. BACKGROUND

In March 2014, Plaintiffs, who are citizens and residents of France, learned of a blog at the web address http://thejoudes.wordpress.com ("the Blog"). *Id.* ¶ 11. Titled "The Hoodwankers," the Blog is about Plaintiffs and other members of the Joude family and published anonymously. *Id.* ¶¶ 11, 13. On March 12, 2014, through counsel in France, Plaintiffs sought an order from the Tribunal de Grande Instance de Paris (the "High Court of Paris") directing Automattic and WordPress to remove the Blog. Compl., ECF No. 1-2, ¶ 15; Davis Declaration, Ex. A, ECF No. 1-3 at 17, *translated at* Ex. B., ECF No. 1-3, at 24. The High Court of Paris granted Plaintiffs' request and issued an order stating that Automattic and WordPress must "take all necessary or useful measures for the immediate removal of the blog entitled 'Alexandre Fayçal Joude/the Hoodwankers' and 'Danny Joude/the Hoodwankers'" within three months. Complaint, Ex. A, ECF No. 1-2, at 12, *translated at* Ex. B., ECF No. 1-2 at 14.

On March 24, 2014, Plaintiffs filed this suit in the Superior Court of the State of California for San Francisco County, raising three causes of action. Complaint, ECF No. 1-2, at 3. Plaintiffs' Complaint sought declaratory relief (1) recognizing and enforcing the French Order directing Automattic and WordPress to remove the Blog, *id.* ¶¶ 25-30, and (2) establishing that Automattic and WordPress are bound by their own Terms of Service, *id.* ¶¶ 31-37. Plaintiffs' third cause of action alleged misappropriation of likeness. *Id.* ¶¶ 38-43.

On April 10, 2014, Automattic removed the Action to this court. Notice of Removal, ECF No. 1. Automattic asserted federal question jurisdiction for the first claim pursuant to the Securing the Protection of our Enduring and Established Constitutional Heritage ("SPEECH") Act, 28 U.S.C. §§ 4101–4105. *Id.* ¶¶ 8-11. Automattic asserted supplemental jurisdiction for the second two causes of action. *Id.* at 4. The court dismissed claims one and three with prejudice, and entered judgment for Automatic on those claims. Order, ECF No. 19; Judgment, ECF No. 21. Automattic now contends that it is entitled to attorneys' fees under the SPEECH Act, 28 U.S.C § 4105.

//

//

UNITED STATES DISTRICT COURT
For the Northern District of California

**ANALYSIS**

The SPEECH Act, Act, 28 U.S.C. §§ 4101–4105, governs the enforcement of foreign

defamation judgments in United States courts.  The Act's attorneys' fees provision provides that

> In any action brought in a domestic court to enforce a foreign judgment for defamation,
> including any such action removed from State court to Federal court, the domestic court shall,
> absent exceptional circumstances, allow the party opposing recognition or enforcement of the
> judgment a reasonable attorney's fee if such party prevails in the action on a ground specified
> in section 4102 (a), (b), or (c).

28 U.S.C. § 4105.  Sections 4102(a), (b), and (c) set forth three conditions under which  a court may

recognize a foreign defamation judgment.  That is, a court may not recognize a foreign defamation

judgment unless the court determines that the defamation law the foreign court applied was

consistent with (a) the First Amendment and relevant state laws governing freedom of speech and

press, § 4102(a)(1), and (b) the due process requirements of the U.S. Constitution, § 4102(b)(1).  In

addition, a court may not enforce a foreign defamation judgment "against the provider of an

interactive computer service, as defined in section 230 of the Communications Act of 1934 (47

U.S.C. § 230) unless . . . the judgment would be consistent with section 230 if the information that is

the subject of such judgment had been provided in the United States."  § 4102(c)(1).

Automattic contends that it is entitled to attorney's fees pursuant to section 4105 because

Plaintiffs' first claim, which sought to enforce the French Order to remove the Blog, falls under the

SPEECH Act.  Plaintiffs respond that Automattic does not meet the requirements of section 4015

because it did not prevail on the first claim "on a ground specified in section 4102 (a), (b), or (c)."

The court agrees with Plaintiffs.

In response to Automattic's motion for judgment on the pleadings, Plaintiffs stated their

willingness to dismiss their first cause of action with prejudice.  Opp'n to Motion, ECF No. 13 at 4.

In granting Automattic's motion as to the first claim and dismissing it with prejudice, the court

expressly refrained from reaching any holding about the application of the SPEECH Act, stating that

in light of the fact that "Plaintiffs agree to dismiss this claim, the court need not decide whether the

SPEECH Act prohibits enforcement of the French Order."  Order, ECF. No. 19 at 6, n.2.  The court

finds that Automattic did not prevail on Plaintiffs' first claim on any ground specified in section

4102.  Accordingly, Automattic's motion for fees on this basis is DENIED.

UNITED STATES DISTRICT COURT
For the Northern District of California

1    Automatic also moves for fees in connection with Plaintiffs' third claim, in which they alleged

2  misappropriation of likeness.  The court granted Automattic's motion for judgment on the pleadings

3  as to this claim, holding that under Section 230 of the Communications Decency Act of 1996,

4  Automattic has immunity from Plaintiffs' misappropriation of likeness claim relating to content

5  created by the anonymous blogger.  Order, ECF No. 19, at 12.  Automattic's motion for  fees on the

6  third claim rests entirely on its alleged status as a prevailing party on the first claim.  It argues that

7  "Plaintiffs' first and third causes of action are premised on the same facts and arise from the same

8  series of events or circumstances" and as such, "are inexorably intertwined."  Motion, ECF No. 23 at

9  6. Automatic does not proffer any independent grounds for an award of attorney's fees with respect

10  to the third claim.  Having concluded that Automattic is not entitled to fees for Plaintiffs first claim

11  under the SPEECH Act, the court also DENIES its motion for attorney fees as to Plaintiffs' third

12  claim.

### CONCLUSION

14    For the foregoing reasons, Automattic's motion for attorney's fees is DENIED.  This disposes of

15  ECF No. 23.

16    **IT IS SO ORDERED.**

17    Dated: August 29, 2014    _____

18    LAUREL BEELER
     United States Magistrate Judge